# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LYNDON SCOTT HARTMAN,

      Defendant-Appellant.

UNPUBLISHED
April 16, 2015

No. 320011
Wayne Circuit Court
LC No. 13-006252-FH

---

Before: HOEKSTRA, P.J., and MARKEY and DONOFRIO, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of two counts of resisting and obstructing a police officer, MCL 750.81d(1), and domestic violence, MCL 750.81(2). The trial court sentenced defendant to a one-year term of probation. Because the evidence was sufficient to support defendant's convictions and defendant's additional arguments are not properly presented for this Court's review, we affirm.

On July 6, 2013, defendant physically assaulted a former girlfriend, Sherry Rushlow, by pushing her and slapping her several times on the face. Rushlow called the police. When the two responding police officers arrived, defendant exited his rented room and came downstairs. He appeared "extremely agitated" and defensive. He yelled at the police, used profane language, and then attempted to run back upstairs. At that time, the two officers arrested defendant. Defendant did not, however, cooperate with the police officers' efforts to handcuff him. He struggled, continued to scream and yell, and managed to pull an arm free from the police officers. It took both officers to finally restrain defendant and, even then, defendant continued to struggle as police tried to put him into the police car. Defendant attempted to pull away and he had to be essentially dragged to the vehicle. Based on these facts, as noted, following a bench trial, defendant was convicted of domestic violence and two counts of resisting and obstructing a police officer. Defendant now appeals as of right.

On appeal, defendant argues that the prosecution presented insufficient evidence to support his convictions for domestic violence and two counts of resisting and obstructing a police officer. In making his argument, defendant criticizes the trial court's inconsistency in crediting Rushlow's testimony that defendant slapped her while at the same time finding portions of Rushlow's testimony to be" incredible." Further, defendant maintains that he fully cooperated

-1-

with police and that it was a physical disability, not an effort to resist, which prevented him from placing his arm behind his back.

This Court performs a de novo review regarding the sufficiency of the evidence presented during a bench trial. *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). We view the evidence in "a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). Circumstantial evidence and reasonable inferences arising therefrom can constitute sufficient proof of the elements of the crime. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Further, "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *Id.* Any conflicts in the evidence must be resolved in favor of the prosecution. *Wilkens*, 267 Mich App at 738.

Defendant was convicted of domestic violence under MCL 750.81(2), which provides:

> Except as provided in subsection (3) or (4), an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

Under this provision, pertinent to the present case, a person is guilty of domestic violence if that person commits (1) an assault or assault and battery against (2) "an individual with whom he or she has or has had a dating relationship, . . . or a resident or former resident of his or her household . . . ." See *People v Cameron*, 291 Mich App 599, 613-614; 806 NW2d 371 (2011). An "assault" refers to "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Id.* at 614 (citation omitted). In comparison, a battery has been defined as "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id.* (quotation marks and citation omitted). An offensive touching need not result in injury to the victim to constitute a battery. *Id.* Because a battery is the "consummation of the assault," every battery necessarily includes an assault. *Id.*

In this case, it is undisputed that defendant previously dated Rushlow and that she had also lived with defendant for a time. See MCL 750.81(2). In her trial testimony, Rushlow described defendant pushing her and slapping her, and these intentional, unconsented and offensive acts of violence constituted an assault and battery. In addition to Rushlow's testimony, the trial court credited the testimony of Ashley Colette, a prosecution witness who testified that she saw defendant slap Rushlow. While in contrast defendant denied assaulting Rushlow, the credibility of his trial testimony as compared to Rushlow and the other witnesses at trial was a question for the trial court. See *Kanaan*, 278 Mich App at 619. Likewise, although the trial court did note that some unspecified portions of Rushlow's testimony appeared "to be incredible," the trial court indicated that it credited the relevant portions of Rushlow's testimony where she described the assault and battery because those portions were corroborated by Colette. Contrary to defendant's argument, there is nothing improper in the trial court believing only

-2-

portions of Rushlow's testimony. Rather, as the factfinder, the trial court was free "to believe, or disbelieve, in whole or in part, any of the evidence presented." *People v Fuller*, 395 Mich 451, 453; 236 NW2d 58 (1975); *People v Unger*, 278 Mich App 210, 228; 749 NW2d 272 (2008). Viewing the evidence in a light most favorable to the prosecution, given the nature of defendant's past relationship with Rushlow and the evidence that defendant pushed and slapped Rushlow, there was sufficient proof to enable the trial court to determine that defendant assaulted and battered a woman he had dated and with whom he had formerly resided. Cf. *Cameron*, 291 Mich App at 615. Accordingly, the evidence was sufficient to find defendant guilty of domestic violence under MCL 750.81(2).

Regarding defendant's convictions under MCL 750.81d(1), the elements for resisting and obstructing a police officer are: (1) "the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer," (2) "the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties," and (3) "the officers' actions were lawful." *People v Quinn*, 305 Mich App 484, 491-492; 853 NW2d 383 (2014) (quotation marks and citations omitted).

On appeal, defendant argues that insufficient evidence existed to support his convictions under MCL 750.81d(1) because defendant had medical conditions which made him unable to comply with the officer's request that he place his hands behind his back. Defendant presented this argument at trial, testifying that he was calm during his interaction with the police, that he informed them of his physical disability and that he asked that be handcuffed with his hands in front of him, but that the police officers disregarded his request. After personally observing the witnesses and listening to their testimony, the trial court rejected defendant's description of events and instead found the testifying police officer credible.

While on appeal defendant now attempts to rehash the credibility of his version of events, the credibility of defendant's testimony as compared with that of the testifying police officer was a question for the trial court. See *Kanaan*, 278 Mich App at 619. Further, the officer's testimony, which the trial court credited, provided sufficient evidence to support defendant's convictions under MCL 750.81d(1). In particular, the police officer testified that defendant was wholly uncooperative throughout the arrest process: defendant was verbally abusive and profane, resisted to the extent that it took both officers to handcuff defendant, continued to struggle and resist after he had been handcuffed, and repeatedly failed to obey orders to stop resisting after the officers told him that he was under arrest. Given this testimony, there was sufficient evidence that defendant resisted two officers. Defendant has not denied knowing the men were police, and he had reason to know that the officers were police because they identified themselves as such and they were dressed in uniform at the time of the incident. Moreover, defendant did not assert in the trial court that there was anything unlawful about the officers' conduct, and we see nothing unlawful about the police conduct in this case. On the contrary, the officers were uniformed; they were investigating allegations of a domestic assault; they had probable cause to believe that a domestic assault had occurred; they knocked and announced that they were police officers, and defendant testified that he voluntarily exited his rented room upstairs and entered a common area of the home before he was arrested. See *United States v Dillard*, 438 F3d 675, 682-683 (CA 6, 2006) (finding that tenant had no "reasonable expectation of privacy" in common areas within an apartment complex or duplex). On the whole, viewing

the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that defendant "resisted, obstructed, or opposed" two people who defendant knew to be police officers lawfully performing their duties. *Quinn*, 305 Mich App at 491. Accordingly, sufficient evidence existed to conclude that defendant was guilty of two counts of resisting and obstructing a police officer under MCL 750.81d(1).

On appeal, in his statement of the questions presented, defendant asserted only that the evidence was insufficient to support his convictions, and his arguments regarding the sufficiency of the evidence are without merit as we have explained. Although defendant only identified a sufficiency claim in his statement of the questions presented, in his appellate brief defendant nonetheless also argues a claim of ineffective assistance of counsel. He vaguely asserts that the trial court's findings of fact were clearly erroneous, and he contends that his convictions under MCL 750.81d(1) should be reversed because the police officers violated his Fourth Amendment right to be free from unreasonable searches and seizures by entering his home and arresting him without a warrant. Because these additional issues were not raised in defendant's statement of the questions presented, these matters have not been properly presented for our review, and they need not be considered. See MCR 7.212(C)(5); *People v Albers*, 258 Mich App 578, 584; 672 NW2d 336 (2003).

We note briefly that, even if we were to consider defendant's improperly presented arguments, we would conclude that these claims are without merit. First, regarding defendant's unpreserved claim of ineffective assistance, defendant's claims of error are factually unsupported. Having reviewed the record, we see no indication that counsel performed in an objectively unreasonable manner and defendant has not overcome the presumption that counsel's performance constituted sound trial strategy. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Second, mindful of the trial court's role in assessing credibility, given the testimony in this case as discussed above, defendant's poorly developed assertion that the trial court's findings were somehow clearly erroneous is without merit. See generally MCR 2.613(C); *Robinson*, 475 Mich at 5. Finally, considering defendant's unpreserved challenge to the lawfulness of police officers' warrantless arrest, defendant rented a bedroom upstairs in the house, but, as noted, he had no expectation of privacy in the common area of the building where he was arrested and thus, contrary to his arguments, his arrest did not violate the Fourth Amendment. See *Dillard*, 438 F3d at 682-683. Given that defendant voluntarily exited his own rented room and entered the common areas of the home, there is also no merit to his assertion that his exit was coerced by "constructive entry." See *People v Gillam*, 479 Mich 253, 256-257, 260-266; 734 NW2d 585 (2007). In short, defendant's additional claims lack merit and, because they have not been properly presented for our review as required by MCR 7.212(C)(5), we decline to consider them further.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Jane E. Markey
/s/ Pat M. Donofrio